IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| STATE OF MONTANA,<br><br>            Plaintiff,<br><br>vs.<br><br>WILLIAM MICHAEL WINDSOR,<br><br>            Defendant. | CV 15-107-M-DLC-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

## **I. Introduction and in Forma Pauperis Application**

William M. Windsor filed a pleading in this action, together with his motion requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1).

A court may grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Nonetheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed [pleading] that the action is

1

frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the Court will first consider whether Windsor's pleading has merit, or whether it is frivolous and subject to dismissal.

## II. Windsor's "Notice of Appeal"

Windsor filed a pleading titled as a "Notice of Appeal". In his pleading, Windsor states he is appealing to this United States District Court the May 26, 2015, and June 16, 2015 decisions of Chief Justice Mike McGrath of the Montana Supreme Court. (*See* Doc. 2-1.) Each referenced decision denied Windsor's petitions that he submitted to the Montana Supreme Court requesting the court disqualify State District Judge James A. Haynes from presiding over a litigation matter pending in the Montana Fourth Judicial District Court, Missoula County. Windsor alleges the two decisions violate his Constitutional rights.

## III. Discussion

Because Windsor is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Again, in considering Windsor's in forma pauperis request, the Court is authorized to deny the request if the litigant's proposed pleading is frivolous or without merit. *Minetti*, 152 F.3d at 1115. The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As indicated in Windsor's "Notice of Appeal", he seeks to appeal the two referenced decisions of the Montana Supreme Court to this United States District Court. For the reasons discussed, however, the Court concludes there exists no basis in fact or in law for the non-existent appeal procedure Windsor is attempting to create, and the Court lacks jurisdiction over this action.

In any action filed in federal court, the court must consider whether it possesses jurisdiction over the particular matter presented to the court.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a

cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A pleading must set forth sufficient allegations to invoke the jurisdiction of this Court (Fed. R. Civ. P. 8(a)(1))[1], and a plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Also, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

For the reasons stated, the Court concludes this action is barred by the *Rooker-Feldman* doctrine. This doctrine, which derives its name from two United States Supreme Court Cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Restated, "[i]f a

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

federal [litigant] asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). When a case is a forbidden "de facto appeal" the district court also lacks jurisdiction over all issues which are "inextricably intertwined" with an issue resolved by the predicate decision of the state court. *Id*., 341 F.3d at 1158.

Here, Windsor's pleading expressly seeks to appeal the two referenced and attached decisions of the Montana Supreme Court. Windsor contends the decisions violate his Constitutional rights, and he seeks relief from the decisions. Therefore, his "Notice of Appeal" is precisely the type of direct appeal or "de facto appeal" barred by *Rooker-Feldman*. This action is, thus, subject to dismissal for lack of jurisdiction.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Here, however, based on the *Rooker-Feldman* doctrine, any amendment by Windsor

5

would be futile because there exists no basis in law or in fact to appeal a state court decision to this Court as the Court lacks jurisdiction over the appeal. Therefore, it is unnecessary to give Windsor an opportunity to amend his pleading. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. Conclusion

Based on the foregoing, the Court concludes Windsor's pleading is frivolous as lacking any basis in fact or in law, is subject to dismissal for lack of jurisdiction, and could not possibly be cured by amendment to allege additional facts. Therefore, IT IS HEREBY RECOMMENDED that Windsor's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) be DENIED, and this action should be DISMISSED.

DATED this 20th day of August, 2015.

Jeremiah C. Lynch
United States Magistrate Judge